**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **RONALD MURRAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-1298-MLB |
| ) | |
| **EDWARDS COUNTY SHERIFF'S** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

    1. Plaintiff's Motion to Amend Complaint (Doc. 26);

    2. Plaintiff's Motion to Compel (Doc. 27);

    3. Plaintiff's Motion for an Extension of Time (Doc. 30);

    4. Plaintiff's Motion to Appoint Counsel (Doc. 44); and

    5. Plaintiff's Motion for a Protective Order (Doc. 53).

In addition, plaintiff requests by letter that the clerk of the court forward subpoenas to him. The court's rulings are set forth below.

### Background

Plaintiff, pro se, alleges that defendants violated his constitutional rights under the 1st, 8th, and 14th Amendments during his 11-month confinement in the Edwards County Jail. Highly summarized, plaintiff asserts that defendants (1) failed to provide an opportunity for

sufficient physical exercise and/or recreation, (2) interfered with plaintiff's visitation rights, and (3) screened and/or blocked plaintiff's phone calls and mail. During the time relevant to these motions, plaintiff was incarcerated in a correctional facility in the state of Arizona.[1]

### 1. Motion to Amend Complaint (Doc. 26)

Plaintiff moves to amend his complaint to add a claim for punitive damages and a request for a jury trial. Defendants oppose the motion, arguing that the motion is untimely because it was filed November 18, 2004 and the scheduling order required that any motion to amend be filed by October 25, 2004. However, the court notes that the scheduling order was filed and mailed to plaintiff on October 6, 2004 and plaintiff placed his motion to amend in the mail on November 9. Given the relatively minimal delay in requesting punitive damages, defendant's untimeliness objection shall be overruled.

Defendants also assert that plaintiff violated D. Kan. Rule 15.1 by failing to attach a copy of the amended complaint to his motion. Plaintiff counters that he was incarcerated in Arizona and did not have access to the local rules for the District of Kansas; therefore, his failure to attach the amended complaint should be excused. Plaintiff also attached a proposed amended complaint to his reply brief. Because plaintiff's motion merely requested leave to assert a claim for punitive damages, his failure to attach an amended complaint setting forth

---

[1] Plaintiff was an inmate at the Ellsworth Correctional Facility when this case was filed. After the briefing of the motions, plaintiff was returned to the Ellsworth Facility. (Doc. 60, plaintiff's notice of change of address, filed Feb. 14, 2005).

such a request is not fatal. Accordingly, the motion to amend to add a claim for punitive damages shall be GRANTED.

However, the amended complaint attached to plaintiff's reply brief will not be allowed. The proposed amended complaint contains, for the first time, a wide range of new claims, including allegations that defendants (1) violated his religious (Asatru) and political beliefs (unspecified), and (2) failed to provide adequate dental care. Such claims are both untimely and materially different from the proposed amendments requested in plaintiff's motion (Doc. 26). Accordingly, the proposed amended complaint attached to plaintiff's reply brief is rejected.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend his complaint to assert a claim for punitive damages **(Doc. 26)** is **GRANTED.** However, plaintiff's request to file the amended complaint attached to his reply brief is **DENIED.** Plaintiff shall file an amended complaint by February 28, 2005 containing: (1) the language in his original complaint and (2) a request for punitive damages. No other language shall be added to the amended complaint.

### 2. Motion to Compel (Doc 27)

Plaintiff seeks to compel documents responsive to his production requests.[2] As explained in greater detail below, the motion to compel shall be **DENIED.**

---

[2] Plaintiff labels his production requests by letter and the requests he seeks to compel are: D through Z, AA, BB, CC, and EE.

**Production Requests A, B, C, and D**

Plaintiff seeks "any and all" documents concerning:

employment records of the Edwards County Sheriff's Department from September 15, 2001 to September 15, 2004 (Request A);

employment records of "the Edwards County Dispatch for the past three years (Request B);

employment records of persons designated as "jailers" for the past three years (Request C); and

claims and complaint files "for the Edwards County Sheriff's Department Dispatch and Edwards County Jail" for the past three years (Request D).

Defendants object that the requests are overly broad. The court agrees. The request for "any and all" employment records is overly broad on its face because it includes personal information which has no possible relevance to this lawsuit.[3] Similarly, plaintiff's request for documents concerning "any claims and complaints" is also overly broad.[4] Accordingly, plaintiff's request to compel production requests A, B, C, and D is denied.

**Production Requests E, F and CC**

---

[3] For example, documents related to an employee's health insurance and income tax withholding (W-4) have no relevance to this case.

[4] At best, administrative complaints concerning the claims in this case (recreation, visitation, mail, and telephone calls) might be relevant. However, plaintiff's request includes complaints and claims having nothing to do with such allegations.

Plaintiff justifies the relevance of many of his discovery requests by referring to allegations in the proposed complaint attached to his reply brief. However, the court has rejected that complaint.

-4-

>Plaintiff requests:
>
>>"any and all training manuals, papers or documents ... concerning any and all policies and regulations connected with the Edwards County Jail for the past three years" (Request E);
>>
>>"any and all papers and documents for the rules and regulations implemented for the operation and running of the Edwards County Jail for the past three years" (Request F); and
>>
>>"any and all papers and documents ... for education requirements and training for the Edwards County Sheriff's Department, Edwards County Dispatch, and Edwards County Jailers for the past three years" (Request CC).

Defendants oppose the requests. The court agrees that the requests are overly broad and go beyond the claims in this case.[5] Therefore, plaintiff's request to compel production requests E, F, and CC is denied.

**Production Requests G and H**

Defendants state that they have no documents responsive to these requests. Accordingly, plaintiff's request to compel documents under production requests G and H is denied.

**Production Requests I, J, K, M, O, P, Q, T, V, W, X, Y, and Z**

Defendants assert that they have produce all of the documents that they have in their possession which are responsive to these requests. Because defendants have no other documents responsive to these production requests, an order for production is inappropriate and denied.

---

[5] As with many of plaintiff's production requests, his requests sweep too broadly and include policy and regulations having nothing to do with this lawsuit.

-5-

**Production Requests L, N, S, U, AA, and BB**

 Highly summarized, these requests seek:

> documents and policies related to medical care and treatment for Edwards County Jail inmates (Request L);
>
> documents and polices related to religious practices for Edwards County Jail inmates (Request N);
>
> documents related to disciplinary procedures for Edwards County Jail inmates (Request S);
>
> documents and policies related to canteen/commissary procedures for jail inmates (Request U);
>
> documents related to the meals served to the jail inmates, including the number of meals, drinks, and calories for each meal for the past three years (Request AA); and
>
> documents and policies related to monitoring inmates in the cells of the Edwards County Jail (Request BB).

Defendants oppose production, arguing that the discovery requests are irrelevant to the allegations and claims in plaintiff's complaint. The court agrees. The claims in plaintiff's complaint concern (1) physical exercise and/or recreation, (2) visitation rights, and (3) limitations concerning plaintiff's phone calls and mail. Discovery concerning medical care, religious practices, disciplinary procedures, canteen privileges, meals, and cell monitoring is beyond the scope of this lawsuit and denied.

**Production Request R**

Plaintiff seeks all documents related to the "policies, rules and for Care of Living Quarters for inmates of the Edwards County Jail for the past three years." Defendants object that the request is vague and overly broad.

Plaintiff's request to compel documents is denied. The term "Care of Living Quarters" is not defined in plaintiff's request and it is unclear what information he is seeking. Moreover, information concerning "care of living quarters" does not appear to be related to plaintiff's claims; therefore, the request is overly broad and lacks relevance.

**Production Request EE**

Plaintiff seeks to compel production of:

> any and all papers/documents of you, your attorneys and or any other person employed by you or your attorneys who have possession of or know the existence of any books, records, [or] reports made in the ordinary course of business that pertain to any of the matters, pleadings and requests made by plaintiff to the defendants in the foregoing requests.

The motion to compel production request EE is denied because the request is vague, overly broad, and seeks attorney "opinion work product."

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 27)** is **DENIED.**

### 3. Motion for an Extension of Time (Doc. 30)

Plaintiff seeks an extension of his December 20, 2004 deadline for providing his expert witness disclosures. In support of his motion, plaintiff argues that his incarceration in Arizona has made it difficult for him to meet this deadline. Defendants oppose what they deem to be a request for an open-ended extension of time to provide expert witness disclosures. After considering the parties' arguments, the court will grant plaintiff a limited extension of time to provide his expert witness disclosures.

**IT IS THEREFORE ORDERED** that plaintiff's deadline for providing expert witness disclosures is extended to **March 4, 2005.**

### 4. Motion to Appoint Counsel (Doc. 44)

Plaintiff moves the court for an order appointing counsel for the purpose of taking depositions. The motion shall be denied. Plaintiff has shown an unusually high degree of skill in representing himself without the assistance of counsel. Moreover, plaintiff has been particularly adept at securing discovery without taking oral depositions.

**IT IS THEREFORE ORDERED** that plaintiff's motion to appoint counsel (Doc. 44) is **DENIED.**

### 5. Motion for a Protective Order (Doc. 53)

On January 14, 2005, defendants mailed plaintiff notice of a January 19, 2005 deposition. Plaintiff received the notice on January 18 and promptly prepared and mailed a

motion for a protective order to the clerk of the court. Because of the delay associated with mail service, the motion was not filed by the clerk of the court until January 24. By that time, the deposition had taken place without plaintiff's participation. Plaintiff argues that defendants failed to provide reasonable notice and that the deposition should be disallowed under Fed. R. Civ. P. 32(a)(3).

Fed. R. Civ. P. 32(a)(3) provides:

...nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, promptly file a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place *and such motion is pending at the time the deposition is held.* (Emphasis added).

Because of his incarceration, plaintiff was unable to "file" his motion for a protective order before the deposition occurred. However, plaintiff's inability to timely file his motion was caused by the short notice provided by defendants.[6] Under the circumstances, the court will not penalize plaintiff for the unreasonable notice provided by defendants.[7] Accordingly, the court will grant plaintiff's motion for a protective order and prohibit defendants from using the

---

[6] January 14, 2005 was a Friday. The notice was filed electronically with the court at 12:00 p.m. central time but it is unclear when the letter was delivered to the post office on the 14th for mailing. Under the circumstances, the length of notice to a person incarcerated in Arizona was unreasonable.

[7] Defendants argue that plaintiff's incarceration should not interfere with their right to conduct depositions. However, the issue before the court is not whether defendants may take deposition testimony. The issue is whether defendants may ignore the rules and take unfair advantage *because* plaintiff is incarcerated. The court applies the rules of civil procedure fairly to both sides regardless of whether one party is incarcerated.

January 19, 2005 deposition of Anna Marie Fulls against him.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order **(Doc. 53)** is **GRANTED.** Defendants are prohibited from using the January 19, 2005 deposition against plaintiff.

### 6. Subpoena Requests

Plaintiff has requested by letter that the clerk of the court issue to him (1) "four subpoenas for a non-party ordering the recipient to allow [him] to inspect and copy designated materials" and (2) "five Subpoena Duces Tecum re Deposition." However, because plaintiff is currently incarcerated, it is unclear how he can legally serve subpoenas for depositions and document production which would comply with the rules of civil procedure. Pending receipt of further clarification from plaintiff on this question, his request for the issuance of blank subpoena forms shall be DENIED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of February 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge