# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD MURRAY,                )
                              )
        Plaintiff,      )
                              )
v.                            )   Case No. 04-1298-JTM
                              )   (consolidated with
EDWARDS COUNTY SHERIFF'S      )   Case No. 05-1046-JTM)
DEPARTMENT, et al.,           )
                              )
        Defendants.     )
_____)

## MEMORANDUM AND ORDER

The Court consolidated the two cases identified above which were filed by Plaintiff against the Edwards County Sheriffs' Department and employees thereof, and Edwards County Commissioners. (Doc. 97.) In that Order, the Court also placed a moratorium on filings in the combined case, noting that the parties filed a combined 36 motions in less than one month. *Id*. at 2. Now before the Court are several of those motions that were outstanding at the time of the moratorium, including:

    1.    Plaintiff's Motion to Extend Dispositive Motion Deadline. (Case No. 04-1298, Doc. 82);

    2.    Plaintiff's Motion for Protective Order (Case No. 04-1298, Doc. 87);

    3.    Defendants' Motion to Strike Plaintiff's Requests for Admission

(Case No. 04-1298, Doc. 91);

4. Plaintiff's Motion for Protective Order and Plaintiff's Motion for Appointment of Counsel to Take Depositions (Case No. 04-1298, Doc. 105; Case No. 05-1046, Doc. 18);

5. Plaintiff's Motion for Leave to Amend the Complaint (Case No. 04-1298, Doc. 109; Case No. 05-1046, Doc. 24);

6. Motion for Order to Correspond with Plaintiff's Witnesses (Case No. 04-1298, Doc. 113; Case No. 05-1046, Doc. 29).

The Court will discuss each motion separately.

## BACKGROUND

Plaintiff, *pro se*, alleges that Defendants violated his constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments during his eleven-month confinement in the Edwards County Jail. In condensed form, Plaintiff is suing Defendants under 42 U.S.C. § 1983 for violating his constitutional rights by (1) failing to provide a sufficient opportunity for physical activity, (2) interfering with Plaintiff's visitation rights, and (3) screening and/or blocking Plaintiff's phone calls and mail, (4) violating his religious (Asatru) and political (unspecified) beliefs, (5) failing to provide adequate medical and dental care, and (6) unsanitary living conditions. The latter three claims were added in Plaintiff's second lawsuit

("05-1046"), which was filed after Judge Humphreys denied Plaintiff's motion to amend to add those claims in the first lawsuit ("04-1298"). (Doc. 62 at 3–4.) The cases have been consolidated. Plaintiff is now incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.

### 1.    *Plaintiff's Motion to Extend Dispositive Motion Deadline.*

Plaintiff seeks to have the dispositive motion deadline in 04-1298 extended 30 days to April 24, 2005. Clearly the proposed thirty day extended deadline has already passed and the Court's moratorium on filings prevented Plaintiff from filing a dispositive motion prior to the proposed deadline. Accordingly, the Court finds this motion to be MOOT.

However, the Court recognizes that Plaintiff has reserved his right to seek an extension, and the Court will consider new deadline proposals at the next status conference. *See infra* Part 7.

### 2.    *Plaintiff's Motion for Protective Order.*

Plaintiff seeks a protective order preventing Defendants from deposing Anna Marie Fulls. (Doc. 87.) Plaintiff alleges that the time for discovery established in the scheduling order in 04-1298 has passed and that such deposition is untimely sought. Because of the Court's moratorium on filings, no responses have been filed.

Because Plaintiff has filed a new action which is now consolidated with the earlier case, Defendants would be able to notice the deposition of Fulls in connection with claims made in the new case. Therefore, Plaintiff's motion based on the timeliness of the notice is DENIED.

### *3.     Defendants' Motion to Strike Plaintiff's Requests for Admission.*

Defendants seek to have all of Plaintiff's requests for admission ("RFA") stricken as untimely, excessive, and irrelevant. (Doc. 92.) Plaintiff filed a response (Doc. 95), arguing that there is no time or quantity limits on RFA's and that all of the RFA's are relevant to the case. No reply was filed prior to the moratorium.

Plaintiff served 161 RFA's on Defendants, seeking admissions or denials to short, simple statements.[1] The RFA's were served on March 25, 2005. The Scheduling Order in 04-1298 cut off discovery on February 21, 2005.

The Court has "wide discretion in its regulation of pretrial matters, including whether to reopen discovery." ***Harding v. Goodyear Tire & Rubber Co.***, 170 F.R.D. 477, 478 (D. Kan. 1997) (citing ***Sil-Flo, Inc. v. SFHS, Inc.***, 917 F.2d 1507, 1514 (10th Cir. 1990)). Requests for Admission may be considered as discovery

---

[1] *E.g.* "The Plaintiff was housed in the Edwards County Jail from July 1, 2003 to May 11, 2004" and "[b]edding, clothing, and towels were provided weekly to the plaintiff during his 11 months of detainment." (Doc. 92, Ex. 1 at ¶¶ 1, 28.)

tools since they are found in the discovery portion of the Federal Rules of Civil Procedure. However, their use is not exclusively restricted to discovery. Here, Plaintiff allegedly seeks to narrow the issues for trial, which is an appropriate use of requests for admission even after the close of discovery. *See* Fed. R. Civ. P. 16(c) (authorizing the Court to take "appropriate action" to limit the issues for trial and obtain admissions of fact to limit claims and unnecessary proof).

Defendants did not respond or object to Plaintiff's RFA's and Defendants' motion does not specify which requests are purportedly irrelevant or unduly burdensome. The Court rejects Defendants' bare assertions that 161 RFA's are *per se* excessive and burdensome. Under the circumstances of this case, the Court finds that it is appropriate to require Defendants to answer and/or object to each of Plaintiff's RFA's. The Court will set a time for Defendants to serve its answers and/or objections at the status conference which is being set in this case. *See infra* Part 7. Defendants' Motion to Strike is DENIED.

### 4. *Plaintiff's Motion for Protective Order and Plaintiff's Motion for Appointment of Counsel.*

Plaintiff filed this motion (Case No. 04-1298, Doc. 105; Case No. 05-1046, Doc. 18) in response to Defendants' filing of a notice to take the deposition of Anna Marie Fulls. Plaintiff seeks a broad-reaching protective order to prevent Defendants from questioning anyone about Plaintiff's prior criminal record,

including the crime for which he was convicted in Edwards County, or Plaintiff's religious and political beliefs. Plaintiff argues that such matters are irrelevant.

Plaintiff further requests that the Court's protective order restrict Defendants to one attorney representing them collectively at each deposition and that Anna Marie Fulls not be deposed because discovery is premature as a planning conference has not been conducted and because Ms. Fulls doesn't have knowledge of the information Defendants seek.

Plaintiff requests that the Court appoint counsel to attend and take depositions in this case, as he is confined at the El Dorado Correctional Facility and is unable to personally attend any depositions. Plaintiff claims that Defendants refuse to conduct depositions at his place of confinement.

Defendants filed responses (Case No. 04-1298, Doc. 106; Case No. 05-1046, Docs. 20, 21), and Plaintiff filed a reply. (Case No. 04-1298, Doc. 107; Case No. 05-1046, Doc. 27).

a.  *Protective Order*

As a procedural matter, Plaintiff has failed to certify in his original motion that pursuant to Fed. R. Civ. P. 26(c) D. Kan. Rule 37.2 that he has met and conferred in good faith with opposing counsel to attempt to resolve this dispute without court intervention. After Defendants pointed out such failure in their

response, Plaintiff, in his reply, noted that he forgot to include such certification and acknowledged that he had conferred with the attorney who filed the deposition notice. In the interest of judicial economy, the Court will address the merits of the dispute notwithstanding Plaintiff's procedural misstep.

The Federal Rules permit the Court to grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Trial courts have discretion in determining when a protective order is appropriate. *See* ***Boughton v. Cotter Corp.***, 65 F.3d 823, 828 (10th Cir. 1995) (stating that a trial judge's grant of a protective order will be reviewed for abuse of discretion). Additionally, "the party seeking a protective order has the burden to demonstrate good cause." ***Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.***, 209 F.R.D. 208, 214 (D. Kan. 2002) (citation omitted).

    *i.*    *Relevance of Plaintiff's Prior Criminal History and Religious and Political Beliefs.*

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is <u>any possibility</u> that the information sought may be relevant to the subject matter of the action." ***Audiotext Comm. Network, Inc., v. US Telecom, Inc.,*** No. 94-2395, 1995 WL 625962, at *3 (D. Kan Oct. 5, 1995) (emphasis added) (citing ***Smith v. MCI Telecomm. Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991)). "When the discovery

sought appears relevant on its face, the party resisting the discovery bears the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." **Dean v. Anderson**, No. 01-2599, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002). "The party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show how each discovery request is irrelevant." **Audiotext**, No. 94-2395, 1995 WL 625962, at *3 (citations omitted).

Fed. R. Evid. 609 states that prior convictions are admissible under certain circumstances for the purpose of impeachment. Plaintiff's prior criminal history may be relevant, at a minimum, under Fed. R. Evid. 609.[2]

Plaintiff's religious and political beliefs are clearly in issue in this case. Plaintiff has alleged that he was singled out for unfavorable treatment for his religious and political beliefs and that he was denied the implements necessary to

---

[2] Defendants also argue that the convictions may be relevant to prove damages and that Plaintiff has placed into issue his prior behavior, veracity, and character. Defendants do not explain precisely how such information is relevant to the issues in this case or how Plaintiff has placed his character in issue, but the Court does not decide that issue here because the information sought is relevant under Fed. R. Evid. 609.

practice his religion. (Case No. 05-1046, Doc. 1, Ex. 1 at 4–7.) Inquiries about Plaintiff's religious beliefs are facially relevant, and Plaintiff has failed to explain why they are irrelevant. Therefore, Plaintiff's request for a protective order is DENIED with respect to questions regarding Plaintiff's prior criminal history and religious and political beliefs.[3]

    *ii.    Restriction to One Attorney for Defendants at Depositions.*

Plaintiff does not explain why the Court should restrict Defendants, collectively, to one attorney. The Court does not perceive any burden to Plaintiff by Defendants having more than one attorney, and Plaintiff does not claim any such burden. To the contrary, Defendants claim that they would be burdened by being forced to have one attorney represent their various interests. Plaintiff's request to limit the number of defense attorneys at depositions is DENIED.

*b.    Appointment of Counsel to Take Depositions.*

In civil cases, there is no constitutional right to appointed counsel. ***Parker v. Bruce***, 109 Fed. Appx. 317, 321 (10th Cir. 2004). The Court "may request an

---

[3] In the original motion, Plaintiff also argues that the protective order should preclude Defendants from asking Fulls questions about Plaintiff's prior criminal history and religious beliefs because she does not possess knowledge about such criminal history and beliefs, although he acknowledges that she has relevant information about his conditions of confinement. Defendants are entitled to ask Fulls if she has information on topics relevant to 05-1046, including Plaintiff's prior criminal history and religious beliefs; but of course, such line of questioning should be short if, in fact, she does not have knowledge of such information.

attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(l). However, § 1915(e)(l) does not authorize compulsory assignments of attorneys or coercive appointments of counsel." ***Mallard v. United States District Court for the Southern Dist of Iowa***, 490 U.S. 296, 300–302, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989).

The Court has broad discretion to request counsel under § 1915(e)(1) and its denial of counsel will only be overturned in those extreme cases where the lack of counsel results in fundamental unfairness." ***Williams v. Meese***, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." ***McCarthy v. Weinberg***, 753 F.2d 836, 838 (10th Cir. 1985). In determining whether to appoint counsel, the court should consider (1) the merits of the litigant's claims, (2) the nature and complexity of the factual issues raised in the claims, (2) the litigant's ability to investigate the facts and present his claims, and (3) the complexity of the legal issues raised by the claims. ***Curiale v. Hawkins***, Case No. 04-4289, 2005 WL 1181145 (10th Cir. 2005).

Even assuming Plaintiff's claims have merit, the Court DENIES Plaintiff's request for appointment of counsel. The legal and factual issues in this case are not particularly complicated. *See* ***Rucks v. Boergermann***, 57 F.3d 978, 979 (10th Cir.

10

1995) (stating that the issues in a § 1983 case involving an alleged arrest without probable cause "were not particularly complex"). In fact, the Tenth Circuit has repeatedly upheld district courts' refusals to appoint counsel, even to inmates. *See, e.g.,* **Duncan v. Gibson**, 128 Fed. Appx. 679, 680 (10th Cir. 2005) (upholding district court's denial of counsel to an incarcerated plaintiff suing under § 1983); *Martinez v. True*, 128 Fed. Appx. 714, 716 (10th Cir. 2005) (same); *but see* **Hill v. SmithKline Beecham Corp.**, 393 F.3d 1111, 1115 (10th Cir. 2004) (noting that "courts have often appointed counsel for indigent prisoners in cases requiring expert testimony") (emphasis added).

The key factor in this case is Plaintiff's ability to pursue his claims without counsel. The Court finds that Plaintiff has done an impressive job of representing himself and has shown an adeptness for legal research. However, Plaintiff seeks a limited appointment of counsel to take depositions, as he alleges Defendants are unwilling to conduct depositions at his place of confinement. The Court, after a review of the options available to Plaintiff, finds that Plaintiff may continue to reasonably pursue his claims without counsel by (1) taking depositions upon written questions and/or (2) attending depositions scheduled by Defendant by telephone conference.

Fed. R. Civ. P. 31 establishes the procedure for taking depositions upon

11

written questions. The Court finds this to be a practical method for Plaintiff to take depositions in preparation for trial. Furthermore, the Court believes that El Dorado Correctional Facility is properly equipped for teleconferencing, and Plaintiff can arrange to participate in depositions taken by Defendant, if he wishes, in this manner.

Therefore, the Court DENIES Plaintiff's motion for a limited appointment of counsel to take and attend depositions.

c.      *Anna Marie Fulls' Deposition*.

Plaintiff objects to the taking of Fulls' deposition in 05-1046 because discovery is premature before the planning conference. Plaintiff correctly notes that Fed. R. Civ. P. 26(d) generally precludes parties from engaging in discovery prior to the Rule 26(f) planning conference. However, Rule 26(d) excepts certain proceedings from this requirement, including "categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties." Fed. R. Civ. P. 26(d). Rule 26(a)(1)(E)(iii) exempts actions "brought without counsel by a person in custody of the United States, a state, or a state subdivision." Thus, this action is exempt from the requirements of Rule 26(d), and the deposition notice for Anna Marie

Fulls was not premature.[4]

### 5. *Plaintiff's Motion for Leave to Amend the Complaint.*

Plaintiff filed this motion to amend his complaint to add three defendants and "several" claims, including a claim for punitive damages. (Case No. 04-1298, Doc. 109; Case No. 05-1046, Doc. 24.) Plaintiff did not identify the defendants or specify the claims, other than the claim for punitive damages, to be added. Plaintiff also failed to attach a copy of the proposed amended complaint.

D. Kan. Rule 15.1 requires that a "motion to amend or a motion for leave to file a pleading . . . shall set forth a concise statement of the amendment or leave sought to be allowed <u>with the proposed pleading attached</u>." (Emphasis added.) Plaintiff's motion for leave to amend is DENIED, without prejudice. Plaintiff may re-file the amendment with a proposed amended complaint attached thereto in compliance with D. Kan. Rule 15.1. However, the Court notes that the filing of 05-1046 is, in effect, an amendment of the claims previously made in 04-1298 and that 05-1046 was filed only after a motion to amend, seeking to add the same claims as those added in 05-1046, was denied in 04-1298. Therefore, Plaintiff has

---

[4] Plaintiff notes that Judge Humphrey's required a planning conference in the 04-1298 case. (Doc. 4.) The Court clearly has the discretion to order a discovery conference even in cases that are exempt under the rule. Until the court enters an order for a scheduling conference and prohibits discovery until such a conference is held, the usual exception applies, and the parties would be free to begin discovery.

13

already amended his claims once, and in any additional motion to amend, Plaintiff must state specifically why he could not have made the requested amendments at an earlier time.

### 6. *Motion for Order to Correspond with Plaintiff's Witnesses.*

Plaintiff filed this motion (Case No. 04-1298, Doc. 113; Case No. 05-1046, Doc. 29), seeking an order from the Court allowing him to correspond with four inmates, who are potential witnesses, for purposes of this litigation only, or alternatively, Plaintiff requests appointment of counsel to contact the inmates for Plaintiff.[5] The Court has already determined that appointment of counsel is inappropriate in this case. *See supra* Part 3.b.

The Court recognizes the general policy of the Kansas Department of Corrections ("KDOC") that inmates may not generally communicate with other inmates. However, KDOC officials may allow inmates to communicate, with reasonable restrictions and oversight, for the narrow purpose of pursuing their claims in lawsuits. Therefore, the Court GRANTS Plaintiff's motion and permits him to communicate with Ryan Maupin, Brandon Schuler, Greg Baca, and Julio

---

[5] The Court realizes that its stay of filings precluded a response by Defendants. However, the Court believes that it can fairly resolve the issue without the delay of additional filings. If Defendants believe that the Court has erred or failed to consider important law or facts in its decision, the they may file a motion to reconsider.

Torres, for purposes of this litigation <u>only</u>, and <u>subject to</u> any and all reasonable rules, restrictions, and oversight by KDOC and El Dorado Correctional Facility administrators.

### 7. *Remaining discovery matters.*

While this Order resolves several disputes concerning discovery, the Court is concerned about future discovery disputes in these consolidated cases which may inevitably arise because of the overlap in subject matter of the two actions.  The court does not intend to reopen all discovery as to matters which were the subject of Case No. 04-1298-JTM; but it is difficult to draw a bright line as to specifically what additional discovery might be appropriate concerning the new issues raised in 05-1046.  Accordingly, the court believes that it would be advantageous for the Court to conduct a status conference with the parties by telephone conference call to address the issue of what discovery remains to be done in the consolidated cases. A status conference is therefore set by telephone conference call for **November 7, 2005 at 10:00 a.m.**  The Court will place the call.     At the conference, all parties should be prepared to identify the specific discovery they contend remains to be done in these consolidated cases, how long it will take to complete that discovery, and any proposed deadline modifications that the Court should consider.

No discovery shall be served prior to the status conference and the filing

moratorium will remain in place until the status conference.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 30th day of September, 2005.

                                            s/ Donald W. Bostwick
                                           DONALD W. BOSTWICK
                                           United States Magistrate Judge