IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONALD MURRAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1298-JTM |
| | ) | (consolidated with |
| EDWARDS COUNTY SHERIFF'S | ) | Case No. 05-1046-JTM) |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Before the Court are the following motions:

1.  Defendants' Motion for a Protective Order (Doc. 66), directed to Plaintiff's sixth request for production of documents served in January, 2005;

2.  Plaintiff's Motion to Compel Production of Documents (Doc. 69);

3.  Defendants' Motion for More Definite Statement Regarding Plaintiff's Motion to Compel Production of Documents (Doc. 78); and

4.  Plaintiff's Second Motion for Order Compelling Discovery (Doc. 70), which deals with specific interrogatories from Plaintiff to Defendants.[1]

Plaintiff's motions ask the Court to compel Defendants to respond to

Plaintiff's requests for production of documents and interrogatories.  Defendants

---

[1] The Court also considers Defendants' Motion for Extension of Time to file a response to Plaintiff's motions. (Doc. 93.) Because the Court is ruling on the motions based upon the current briefing, this motion is MOOT.

responded to Plaintiff's motion with their motion for a more definite statement, claiming that plaintiff's document requests are too numerous (111 total requests), duplicative, barred by Judge Humphreys' previous discovery ruling, intended to harass Defendants, and largely indiscernible. (Doc. 62.) Plaintiff filed a response to Defendants' motion asserting that Defendants are avoiding discovery and taking advantage of his *pro se* status, and asks the Court to make an *in camera* review of documents which Defendants have refused to produce on the grounds of privilege or work product. (Doc. 80.) The Court has reviewed the briefs and is prepared to rule.

## BACKGROUND

Plaintiff, *pro se*, alleges that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments during his eleven-month confinement in the Edwards County Jail. In condensed form, Plaintiff claims that Defendants (1) failed to provide a sufficient opportunity for physical activity, (2) interfered with Plaintiff's visitation rights, and (3) screened and/or blocked Plaintiff's phone calls and mail, (4) violated his religious (Asatru) and political (unspecified) beliefs, (5) failed to provide adequate medical and dental care, and (6) unsanitary living conditions. The latter three claims were added in Plaintiff's second lawsuit ("05-1046"), which was filed after Judge Humphreys denied

Plaintiff's motion to amend to add those claims in the first lawsuit ("04-1298"). (Doc. 62 at 3–4.) The cases have been consolidated. Plaintiff is now incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.

In the course of discovery, Plaintiff has served a series of discovery requests on Defendants. Judge Humphreys ruled on some of those discovery requests in her Order of February 15, 2005. (Doc. 62.) In that Order, Judge Humphreys denied Plaintiff's motion to compel broad disclosure of personnel records, training and policy manuals, and medical care and religious practices of other Edwards County Jail inmates, among other rulings. (Doc. 62 at 3–7.) Judge Humphreys found most of the requests to be overly broad and/or irrelevant.

## DISCUSSION

The Court has "broad discretion regarding its control of discovery." **Gaines v. Ski Apache**, 8 F.3d 726, 730 (10th Cir. 1993). Such discretion is only abused when denial of discovery precludes a fair trial. *Id*.

In filing his two motions to compel, Plaintiff did not comply with the requirements of D. Kan. Rule 37.1(a) since he failed to attach copies of the discovery requests and interrogatories (along with Defendants' responses or answers) for which he seeks the Court's assistance in compelling responses. Plaintiff has filed some of his requests for production, *see e.g.,* Doc. No's 36 and

3

40, even though the local rules provide that discovery requests will not be filed with the Clerk. D. Kan. Rule 26.3. As to other requests, Plaintiff has followed the local rules and has filed only a certificate of service stating that he has served document requests. *See* Doc. 51. In any event, copies of the discovery requests and responses were not attached to the motions to compel and the Court does not have those documents available to it.[2] As a result, the Court is not in a position to determine whether any specific request or interrogatory is relevant or not, or whether any of Defendants' responses and/or objections are appropriate.

The Court is mindful that Plaintiff is representing himself, and that his request for appointment of counsel has been denied. (Doc. 62 at 8.) Thus, the Court will provide Plaintiff some leeway in his technical shortcomings with respect to the litigation process. With that in mind, this Court believes some of the technical mistakes by Plaintiff in his discovery requests can be worked out between the parties without the Court's intervention.

First, in their motion for a protective order Defendants ask to be relieved of any duty to respond to Plaintiff's sixth set of document requests on two grounds:

---

[2] Defendants have attached copies of Plaintiff's six document requests to the memorandum in support of their motion for a protective order. *See* Doc. 68, Ex's 1-6. However, the Court has not been provided with copies of Defendants' responses and answers and/or objections.

4

(1) that the requests were untimely under the scheduling order in place in 04-1298, and (2) that the requests are intended to harass Defendants since (a) they refer to "Tabs" or other documents without either attaching those documents or identifying them in any way, (b) they seek information unrelated to the current suit and are not calculated to lead to the discovery of admissible evidence, and (c) the sixth request is materially the same as prior document requests served by Plaintiff. (Doc. 68 at 1-3.) After reviewing the briefs, the Court is not convinced that the sixth requests were untimely under the facts presented. However, the Court has generally reviewed the requests and is concerned about the nature and scope of the requests, particularly in light of the multitude of prior requests for documents served by Plaintiff. Therefore, the Court GRANTS Defendants' motion for a protective order at this time and holds that Defendants do not need to serve responses to those document requests until further order of the Court. As noted below, however, the Court is putting into effect a procedure to attempt to narrow the discovery issues in dispute between the parties and that procedure will take into account the requests made by Plaintiff in his sixth request.

As to Plaintiff's motion to compel production of "all documents requested by Plaintiff," the Court agrees with Defendants that this request is unclear as to which specific document requests are in dispute. Also, since Plaintiff has not

provided the Court with the documents required by the local rules so that it can adequately address the motions to compel, both motions (Doc. 69 & 70) are DENIED, without prejudice to renewal after the parties have complied with this Order.

As to Defendants' motion for a more definite statement, in light of the following procedure established by this Order, the motion is MOOT.

In order to attempt to identify what matter may actually be in dispute, the Court hereby directs Plaintiff to review the last five document requests he has served on Defendants[3] and to provide defendant with a list of the specific document requests he seeks to contest by a motion to compel.  In so doing, Plaintiff should review the previous discovery rulings in this case, and should delete any document requests which duplicate requests previously disallowed by Judge Humphreys' earlier order.  Plaintiff should also delete any document requests in the last five sets of requests which are duplicative or cumulative in nature.[4]  While Plaintiff may narrow the scope of any prior requests, he may not

---

[3] The document requests served September 28, 2004 (Doc. 8) were ruled upon by Judge Humphreys in her Memorandum and Order of February 15, 2005 (Doc. 62), and will not be re-considered.

[4] The Court notes that while Rule 34 does not contain a specific number limit on document requests that can be served, the overall scope of discovery is within the Court's discretion, and the Court can limit discovery requests that are duplicative or burdensome as part of the entry of a protective order under Rule 26(c).

submit any new requests or expand the scope of any prior requests in his listing. Plaintiff's list shall be served on Defendants by **October 14, 2005.**

The Court then directs that the parties meet and confer, either in writing or by telephone, in a good faith in an attempt to narrow the discovery disputes concerning Plaintiff's document requests to a breadth that is mutually agreeable.[5] The conference shall be held not later than **October 27, 2005.**

At the same conference, the parties should also discuss the specific interrogatories which are identified in Plaintiff's Second Motion for Order Compelling Discovery (Doc. 70) in a good faith attempt to see if disputes concerning those specific interrogatories can be resolved.

Not later than **October 31, 2005,** Defendants shall provide to the Court, with copy to Plaintiff, full and complete copies of all document requests and interrogatories, <u>and</u> all responses and/or objections to those requests and interrogatories, that have been identified by Plaintiff as being in dispute and that have not been resolved after the parties' meeting.

The Court has set a telephone status conference in this case for **November 7, 2005 at 10:00 a.m.**  At that conference, the parties should be prepared to address

---

[5] The Court recognizes that Plaintiff has certified that he attempted to confer in good faith about the discovery disputes at issue in this motion, but the Court orders the parties to confer again in light of this Order.

any remaining disputes concerning Plaintiff's document requests and interrogatories.

No additional discovery shall be served prior to the status conference, and the filing moratorium will remain in place until the status conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 30th day of September, 2005.

                                                 s/   Donald W. Bostwick
                                                 DONALD W. BOSTWICK
                                                 United States Magistrate Judge