## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONALD MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1298-JTM |
| | ) | (consolidated with |
| EDWARDS COUNTY SHERIFF'S | ) | Case No. 05-1046-JTM) |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

The Court now considers the following outstanding motions in this case:

1.    Plaintiff's Motion for Leave to Amend the Complaint to Add a Claim

      Under 42 U.S.C. § 2000cc (Doc. 121);

2.    Plaintiff's Motion for Extension and Request for Judicial

      Notice/Relief (Doc. 123); and

3.    Defendants' Motion for Extension of Time to File Responses to

      Plaintiff's Request for Admissions.  (Doc. 125.)

Plaintiff filed a response to Defendants Motion for Extension of time. (Doc.

127.)  The remaining motions are unopposed.

## BACKGROUND

The Facts of this case have been more fully summarized in previous

motions, and the Court will not repeat them all here.  In short, Plaintiff, pro se,

alleges that Defendants violated his constitutional rights under the First, Eighth,

and Fourteenth Amendments during his eleven-month confinement in the Edwards

County Jail.  Plaintiff claims that Defendants (1) failed to provide a sufficient

opportunity for physical activity, (2) interfered with Plaintiff's visitation rights,

and (3) screened and/or blocked Plaintiff's phone calls and mail, (4) violated his

religious (Asatru) and political (unspecified) beliefs, (5) failed to provide adequate

medical and dental care, and (6) unsanitary living conditions.  Plaintiff is now

incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.

## DISCUSSION

### A.      Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff seeks to add a claim for Defendants' failure to accommodate

Plaintiff's exercise of his religion under the Religious Land Use and

Institutionalized Persons Act of 2000.  42 U.S.C. § 2000cc *et seq*.  The statute

provides that "[n]o government shall impose a substantial burden on the religious

exercise of a person residing in or confined to an institution" unless the imposition

of that burden is in furtherance of a compelling interest and is the least restrictive

means for furthering that interest.  42 U.S.C. § 2000cc-1.

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when

justice so requires.  In the absence of any apparent or declared reason, such as

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of

amendment, leave to amend should, as the rules require, be freely given.  *Foman v.*

*Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Frank v.*

*U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The motion is unopposed and facially valid.  The Court, therefore, GRANTS

Plaintiff's Motion to Amend.  *See* D. Kan. Rule 7.4 ("If a respondent fails to file a

response within the time required . . ., the motion will be considered and decided as

an uncontested motion, and ordinarily will be granted without further notice.")

The Court notes that Plaintiff is not alleging any additional facts, but is just

asserting a new basis for relief, relying upon the facts previously alleged.

Accordingly, the Court will not require Plaintiff to file an amended complaint.

This Order will suffice to add the new claim for relief, and such claim will be

included in the pretrial order.

**B,**     **Plaintiff's Motion for Extension and Request for Judicial Notice/Relief**

On November 28. 2005, Plaintiff filed this motion, seeking an extension of

time to serve interrogatories upon certain Defendants.  On November 29, 2005,

Plaintiff filed a Certificate of Service, indicating that Plaintiff had served the

interrogatories on the Defendants.  The deadline for serving such interrogatories

was November 30, 2005.  (Doc. 120, Part II.b.)  Accordingly, the interrogatories

were timely served and this motion is MOOT.

Plaintiff also requests that the Court take judicial notice of the fact that the

Kansas Department of Corrections ("KDOC") is refusing the make copies of

Plaintiff's motions, pleading, and other papers relating to this lawsuit and is not

giving him proper credit, pursuant to federal and state law and KDOC policy, to

allow him to pay for postage and copies.  The Court declines to take notice of such

facts.

First, judicial notice is a matter of evidence.  *See* Fed. R. Evid. 201

(establishing the standards for taking judicial notice of adjudicative facts).  Here,

there is no alleged fact that is "not subject to reasonable dispute" as required by

Rule 201.  Second, the facts for which Plaintiff seeks judicial notice are not

relevant to any issue in this case and, therefore, would be inadmissible even if

judicially noticed.

Furthermore, to the extent that Plaintiff is seeking relief for such alleged

illegal conduct, this Court cannot grant such relief.  KDOC is not a party to this

suit, and Plaintiff has not exhausted his administrative remedies as required by law.

*See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  Therefore, the Court has no authority to grant any relief to Plaintiff regarding these matters at this time.  Plaintiff's Motion for Judicial Notice is DENIED.

## C.     DEFENDANTS' MOTION FOR EXTENSION OF TIME

Defendants request an extension of time to December 31, 2005 in which to file their responses to Plaintiff's Requests for Admission.  The deadline for filing such responses is December 7, 2005.[1]  (Doc. 120, Part IV.g.)  Defendants argue that the extension is necessary because of the number of requests (161) and because of the recent heavy hearing and briefing schedule of Defendants' counsel. Plaintiff opposes the motion, arguing that Defendants have had plenty of time to respond and that 30 days is excessive.

While the requests were served over eight months ago, on March 25, 2005, the Court did not rule on Defendants' motion to strike the requests until September 30, 2005, and did not set a deadline for responding until November 7, 2005.  Thus, while Defendants have been aware of the requests for over eight months, they have not had an excessive amount of time to answer the requests since the Court

---

[1]Defendants state that deadline is December 1, 2005, and request a 30 day extension to December 31, 2005.  The Court will consider an extension to December 31, 2005.

required them to respond to the requests and set a deadline for such response.

Furthermore, the Court does not find an extension to December 31, 2005 to be

excessive.  Such extensions are not unusual and do not prejudice Plaintiff in any

way.  Plaintiff served his last discovery requests on Defendants prior to Defendants

deadline for serving their response, and the Court therefore assumes that Plaintiff

did not require such response to conclude his discovery and will not be otherwise

prejudiced.  Defendants' Motion for Extension of Time is GRANTED.  Defendants

shall serve their response to Plaintiff's requests for admission on or before

**December 31, 2005**.

      **IT IS SO ORDERED.**

      Dated at Wichita, Kansas on this 27th day of December, 2005.

            s/ Donald W. Bostiwck
            DONALD W. BOSTWICK
            United States Magistrate Judge