IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD MURRAY,<br><br>        Plaintiff,<br><br>vs.<br><br>EDWARDS COUNTY SHERIFF'S DEPT., et al.,<br><br>        Defendants. | Consolidated<br>Case No. 04-1298-JTM<br>Case No. 05-1046-JTM |

MEMORANDUM AND ORDER

Several motions are before the court in this pro se prisoner action. Plaintiff Ronald Murray, claims that the defendants violated his rights under 42 U.S.C. § 1983. The case is now before the court on motions for summary judgment filed by the plaintiff on February 10, 2006, (Dkt. No. 149), directed against defendant Frame, and on February 14, 2006, (Dkt. No. 157), directed against all defendants. Murray also filed a motion (Dkt. No. 156) objecting to the order of the United States Magistrate Judge which consolidated this action with Case No. 05-1046-JTM, as well as a motion seeking leave to file an oversized brief. (Dkt. No. 154).

On February 16, the defendants moved to strike the motions for summary judgment on the grounds that plaintiff failed to separately enumerate the facts which he deemed to be uncontroverted, and failed to reference any portions of the evidentiary record on which plaintiff relied to support that alleged fact.

Defendants also stressed that summary judgment was inappropriate because there were existing disputes regarding discovery, and noted that Murray had filed an oversized memorandum without gaining leave of the court. On February 24, the court entered an order staying any response to the summary judgment motions until after the resolution of the motion to strike. (Dkt. No. 166). The court also granted Murray leave to file his oversized memorandum. (Dkt. No. 167).

Subsequently, Murray has filed a motion to quash the motion to strike, (Dkt. No. 170), and a motion to strike defendant's motion to stay. (Dkt. No. 171). The latter motion to strike is devoid of any argument other than the conclusory statements that the defendants' motion to strike is "clearly frivolous and is meant to harass the plaintiff." (Dkt. No. 169, at 1). For the reasons stated below, this is incorrect, and in any event plaintiff's request to deny the stay is moot in light of the court's granting of the stay on February 24. (Dkt. No. 166).

The motion to quash the motion to strike is similarly devoid of merit. Murray, other than ritually invoking the general standard which accords deference to the pleadings of pro se litigants, makes no showing which would justify his complete disregard of the rules governing summary judgment practice. See D.Kan.R. 56. Those rules are not complex, and require both enumerating the facts which are uncontroverted, and providing as to each fact a specific reference to the evidentiary record. The deference a pro se litigant is to be accorded must be determined by the circumstances of the case. Here, the record amply demonstrates that Murray is a practiced and able litigant, fully capable of comprehending and complying with the rules of the court when he chooses to do so.

Moreover, as Murray himself stressed in his request for leave to file an oversized brief, a longer brief was required in light of the complexity of the case. It would be jarringly inconsistent on the one hand

2

for the court to allow plaintiff, who stresses the complexity of the case, to file an oversized brief, while on the other hand simultaneously permitting the plaintiff to add greatly to the complexity of the case by allowing him to ignore the rules governing summary judgment practice. As the court has previously stressed, the rules governing "the methods for contravening assertions of fact in a motion for summary judgment are important and necessary rules of justice and may not be discarded." *Arst v. Stifel, Nicolaus & Co.*, 954 F.Supp. 1483, 1494 (D.Kan.1997). Here, the lengthy memorandum, filled with rambling fact narratives untied to specific evidentiary citations, filed by Murray in support of his summary judgment motions would greatly increase the difficulty of both defendants in filing appropriate responses, and the court in ultimately resolving the dispute. The motion to consolidate (Dkt. No. 156) raises no valid grounds for objecting to consolidation, other than to note the existence of a pending motion for summary judgment in Case No. 05-1308-JTM. That motion can be resolved in the present action, and the court finds no valid basis for reversing the decision of the magistrate judge directing that the cases be consolidated.

IT IS ACCORDINGLY ORDERED this 10th day of March, 2006, that defendants' motion to strike (Dkt. No. 170) is granted. Plaintiff's motions for summary judgment (Dkt. Nos. 149, 157) are hereby stricken. Plaintiff's motions to strike (Dkt. No. 169), and to quash (Dkt. No. 170), and objections to consolidation (Dkt. No. 156) are denied. Any additional summary judgment motions filed by plaintiff shall (1) comply with D.Kan.Rule 56, and (2) shall be filed after the final pretrial conference on March 28, 2006, thereby permitting the United States Magistrate Judge the opportunity to resolve any remaining discovery issues.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE