# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1298-JTM |
| ) | (consolidated with |
| EDWARDS COUNTY SHERIFF'S ) | Case No. 05-1046-JTM, |
| DEPARTMENT, et al., ) | Case No. 05-1308-JTM) |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

The Court consolidated the three cases identified above which were filed by Plaintiff against the Edwards County Sheriffs' Department and employees thereof, and Edwards County Commissioners. Now before the Court is Plaintiff's Motion for Court Assistance in Obtaining Affidavits from Witness(es). (Doc. 142). Defendants did not file a response, presumably because Plaintiff's motion does not request anything of, or from, Defendants. After a review of Plaintiff's motion, the Court is prepared to rule.

The facts of this case have been more fully summarized in previous Orders and will not be repeated here. In short, Plaintiff, *pro se*, alleges that Defendants violated his constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments during his eleven-month confinement in the Edwards County Jail.

Plaintiff remains incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.

On March 31, 2005, Plaintiff filed a Motion for Order to Correspond with Plaintiff's Witness(es), requesting permission to contact individuals incarcerated by the Kansas Department of Corrections. (Doc. 113.) When the cases were consolidated by Order on April 13, 2005, the Court also placed a moratorium on filings in the combined case, noting that the parties filed a combined 36 motions in less than a month. (Doc. 97 at 2.) On September 30, 2005, the Court entered an Order (Doc. 117) ruling on various motions the parties had filed, including Plaintiff's Motion for Order to Correspond (Doc. 113), which the Court granted.

Thereafter, Plaintiff states that he has made various efforts to contact the individuals he has identified as witnesses in the present motion. According to Plaintiff, he has been unable to locate two of the individuals, Greg Baca and Julio Torres. Plaintiff has written numerous times to the two others, Brandon Schuler and Ryan Maupin, requesting that they provide him with affidavits. (Doc. 142 at 2.) Despite Plaintiff's efforts, he has received no communication from any of these individuals.

As such, Plaintiff requests the Court's assistance in obtaining the affidavits of these four individuals. (Doc. 142 at 3.) The Court is mindful of Plaintiff's

efforts and the frustration this situation must cause.  The Court is not, however, in a position to assist any party in preparing their case, collecting evidence, locating witnesses, or compelling witnesses to communicate with a party.  The Court surmises that attorneys for Defendants have had similar difficulty locating and communicating with witnesses in this and other cases they have litigated.  This is a reality in litigation.  It is not, however, a matter in which it would be appropriate for the Court to intervene.

      For the foregoing reasons, the Court DENIES Plaintiff's Motion for Court Assistance in Obtaining Affidavits from Witness(es).

      IT IS SO ORDERED.

      Dated at Wichita, Kansas on this 13th day of March 2006.

                                      s/ Donald W. Bostwick
                                      DONALD W. BOSTWICK
                                      United States Magistrate Judge