# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD MURRAY,             )
                           )
      Plaintiff,      )
                           )
v.                         )   Case No. 04-1298-JTM
                           )   (consolidated with
EDWARDS COUNTY SHERIFF'S   )   Case No. 05-1046-JTM,
DEPARTMENT, et al.,        )   Case No. 05-1308-JTM)
                           )
      Defendants.    )
_____)

## MEMORANDUM AND ORDER

The Court consolidated the three cases identified above which were filed by Plaintiff against the Edwards County Sheriffs' Department and employees thereof, and Edwards County Commissioners. Now before the Court are Plaintiff's Motion for Order Authorizing Employment of a Stenographer to Take Depositions Upon Written Questions (Doc. 132) and Defendants' Motion for a Protective Order (regarding Plaintiff's requested deposition upon written questions) (Doc. 136). Plaintiff also filed a "Motion in Opposition to Defendant Kurth's Motion for Protective Order" (Doc. 139) and a Memorandum in Support thereof. (Doc. 140.)[1] After a careful review of the submissions of the parties, the Court is now prepared

---

[1] The Court construes this Motion in Opposition to be the response contemplated by D. Kan. Rule 7.1(c) to Defendants' Motion for a Protective Order rather than a separate motion. As such, the Motion in Opposition (Doc. 139) is MOOT.

to rule on the issue of Plaintiff's requested deposition on written questions.

## BACKGROUND

Plaintiff, *pro se*, alleges that Defendants violated his constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments during his eleven-month confinement in the Edwards County Jail. In summary, Plaintiff's claims against Defendants arise under 42 U.S.C. § 1983 for the following alleged violations of Plaintiff's constitutional rights: (1) failing to provide a sufficient opportunity for physical activity, (2) interfering with Plaintiff's visitation rights, (3) screening and/or blocking Plaintiff's phone calls and mail, (4) violating his religious (Asatru) and political (unspecified) beliefs, (5) failing to provide adequate medical and dental care, and (6) unsanitary living conditions. The latter three claims were added in Plaintiff's second lawsuit ("05-1046"), filed after Judge Humphreys denied Plaintiff's motion to amend to add those claims in the first lawsuit ("04-1298"). (Doc. 62 at 3–4.) Plaintiff's third lawsuit ("05-1308") asserts claims against another defendant, Mark Frame. As previously noted, the cases have been consolidated. Plaintiff remains incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.

On September 30, 2005, the Court issued Orders regarding numerous motions filed by the parties, including Plaintiff's Motion for Appointment of

Counsel to Take Depositions. (Doc. 117.) In denying Plaintiff's Motion, the Court stated that he could "reasonably pursue his claims without counsel by . . . taking depositions upon written questions . . . ." (Doc. 117 at 12.) The Court noted that the procedure set forth by Fed. R. Civ. P. 31 is a "practical method for Plaintiff to take depositions in preparation for trial." *Id.*

The Court entered a Final Scheduling Order on November 9, 2005. (Doc. 120.) This Order includes a discovery deadline of February 10, 2006. Plaintiff filed his Motion for Order Authorizing Employment of a Stenographer (Doc. 132) and the required Notice (Doc. 133) on December 28, 2005. He submitted the actual written questions for the requested deposition that same day. (Doc. 134.) On January 4, 2006, Defendants filed their Motion for a Protective Order, requesting Plaintiff's deposition on written questions not be had. (Doc. 136.)

## ANALYSIS

**1.    Plaintiff's Motion for Employment of a Stenographer to Take Depositions on Written Questions.**

Plaintiff previously sought appointment of counsel in these civil cases so that an attorney could take depositions for Plaintiff without the necessity of his presence at the depositions. Those requests were denied by both Judge Humphreys (Doc. 62 at 8), and by the undersigned. (Doc. 117 at 12). In denying Defendant's request for an attorney to take depositions on his behalf, the Court noted that there

were possible alternatives available to Plaintiff and stated that Plaintiff might "reasonably pursue his claims without counsel by . . . taking depositions upon written questions . . . ."  (Doc. 117 at 12.)  Fed. R. Civ. P. 31 establishes the procedure for taking depositions upon written questions.  Although this discovery device is seldom used, the procedure could be used by someone who is incarcerated since there is no requirement that the person who notices and "takes" the deposition actually appear before the court reporter along with the person being deposed.

Plaintiff now seeks to use this procedure to take depositions, but states that "he is Indigent and unable to pay for such [stenographic] services . . . .  (Doc. 132 at 2.)[2]  Plaintiff's motion for an order authorizing employment of a stenographer obviously contemplates that the Court would somehow advance the funds for the payment of a court reporter.  Plaintiff does not cite any authority which would allow such an advancement of funds by Court order, and the Court is unaware of

---

[2] Plaintiff states that the deposition is "necessary to prevent him from being subjected to disadvantage in preparing or presenting his case adequately." (Doc. 132 at 2.)  In arguing for a protective order against the taking of the Kurth deposition, Defendants argue that many of the questions which Plaintiff proposes to ask Kurth in the deposition are duplicative of prior discovery which has been answered by Defendants. (Doc. 136, ¶ 4.)  Since Plaintiff has had the opportunity to submit interrogatories to defendant Kurth, while there may be some disadvantage to Plaintiff if he is unable to take Kurth's deposition, it does not appear that this disadvantage significantly hampers Plaintiff's ability to obtain needed discovery.

any such authority or procedure.

While the Court can order that a civil case be filed without payment of filing fees to the Clerk of Court, and has done so in these cases, that is quite a different matter than asking the Court to advance funds for litigation costs to a third party on Plaintiff's behalf.  Clearly, if Plaintiff was to pay a court reporter to take his proposed deposition upon written questions, and if Plaintiff ultimately was successful in this case, he could then ask that the deposition costs be taxed to the Defendants, *see* 18 U.S.C. § 1920(2), and thereby be reimbursed for his costs. That, however, is a far different matter than seeking an order that would effectively advance or guarantee payment of those litigation expenses.

Because the Court is not aware of any authority to issue the type of order requested, and Plaintiff has failed to cite any such authority, Plaintiff's Motion for Order Authorizing Employment of a Stenographer to Take Depositions Upon Written Questions (Doc. 132) is hereby DENIED.

### 2. Defendants' Motion for Protective Order

Because the Court has denied Plaintiff's request for an order that would authorize his hiring of a stenographer to take the proposed deposition on written questions of Defendant Kurth, Defendants' motion for a protective order may

effectively be moot. However, the Court will address the issues raised by Defendants.

Defendants argue that 1) the deposition is outside the discovery deadline, 2) the questions are duplicative of previous written discovery requests, 3) "many" of the questions are argumentative and not reasonably calculated to lead to the discovery of admissible evidence, 4) the questions are "oppressive and burdensome" given Defendants' responses to Plaintiff's previous discovery requests , 5) the questions serve no purpose other than harassment and annoyance of Defendant Kurth, and 6) Plaintiff's notice is defective. (Doc. 136.) The Court is not persuaded by any of Defendants arguments and/or objections.

The Federal Rules permit the Court to grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Trial courts have discretion in determining when a protective order is appropriate. *See* **Boughton v. Cotter Corp.**, 65 F.3d 823, 828 (10th Cir. 1995) (stating that a trial judge's grant of a protective order will be reviewed for abuse of discretion). Additionally, "the party seeking a protective order has the burden to demonstrate good cause." **Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.**, 209 F.R.D. 208, 214 (D. Kan. 2002) (citation omitted). Simply stated, as more fully explained below, Defendants have failed to establish

good cause to support any of the bases for their requested protective order.

The Court fails to see the reasoning behind Defendants' unsupported contention that the proposed deposition is outside the February 10, 2006, discovery deadline. Although Rule 31 sets deadlines by which other parties to the litigation are to submit questions for cross examination, redirect, and re-cross, any calculation of these deadlines from the date of filing of Plaintiff's motion would have allowed the deposition to occur within the discovery deadline.

The Court also is not persuaded by Defendants' contention that Plaintiff's notice is defective. Defendants argue that Plaintiff failed to comply with the notice requirements of Rule 30(b)(1) and (4) by "not providing a time and place for the deposition." (Doc. 136. at 2.) Plaintiff has filed a motion requesting a deposition on written questions, which is governed by Rule 31, not rule 30. Pursuant to Rule 31(a)(3), Plaintiff has identified the individual who is to answer the written questions. The Court notes that Plaintiff has not identified the officer (stenographer) before whom the deposition is to be taken as required by Rule 31(a)(3). This is excusable at this stage, however, considering that Plaintiff's motion requests employment of a stenographer for the deposition. Further, Defendants did not object to Plaintiff's notice on this basis.

Defendants remaining objections go to the nature of Plaintiff's written

questions – that they are duplicative of previous written discovery requests, argumentative, not reasonably calculated to lead to the discovery of admissible evidence, "oppressive and burdensome," and/or serve no purpose other than to harass and annoy Defendant Kurth.  While these allegations may be true, the Court is not persuaded by Defendants' general and unsupported objections. *See **Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, 381 (D. Kan. 2005) (holding that a general objection does not fulfill a party's burden to explain its objections; the objecting party is required to substantiate its general objection).  An objecting party "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is irrelevant, overly broad, burdensome, or oppressive by submitting affidavits or offering evidence or some type of support for each of its objections."  ***Id***.  Defendants have failed to do so.

In fact, Defendants' motion does not specify to which of Plaintiff's individually numbered questions their various general objections are directed.  The Court is unable and unwilling to surmise which of Plaintiff's submitted questions are, in Defendants' opinion, duplicative, argumentative, not reasonably calculated to lead to the discovery of admissible evidence, oppressive, burdensome, harassing, and/or annoying.

To the extent any of the submitted questions mimic, or are reminiscent of, Plaintiff's prior discovery requests, this alone is insufficient to sustain Defendants' objection.  For instance, it is not unusual for an attorney to review an opposing party's interrogatory responses through deposition questioning of that party.  The Court does have the authority under Fed.R.Civ.P. 26(b)2) to limit the frequency or extent of use of the discovery methods otherwise permitted under the federal rule, if it determines that "(i) the discovery sought is *unreasonably* cumulative or duplicative. . . ." (Emphasis added.)  However, mere duplication of a question or revisitation of a particular issue does not, in and of itself, make a discovery request or deposition question objectionably duplicative.

Defendants contend that Plaintiff's questions serve no purpose other than to annoy or harass Defendant Kurth.  Based on the general nature of Defendants' objections, and without a complete review of both the prior interrogatories and the present deposition questions, the Court cannot agree that the proposed questions are intended to harass defendant Kurth.  Under the circumstances of this case, the Court has been presented with no reason to deny Plaintiff the opportunity to depose Defendant Kurth under the procedure set forth by Rule 31.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Order Authorizing Employment of a Stenographer to Take Depositions Upon Written

Questions (Doc. 132) is DENIED;

**IT IS FURTHER ORDERED THAT** Defendants' Motion for a Protective Order (Doc. 136) is also DENIED;

**IT IS FURTHER ORDERED THAT,** to the extent that Plaintiff's "Motion in Opposition to Defendant Kurth's Motion for Protective Order" (Doc. 139) and Memorandum in Support thereof (Doc. 140) might be considered as a separate motion rather than a response to Defendants' Motion for a Protective Order, said motion is MOOT.

Dated at Wichita, Kansas on this 13th day of March 2006.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge