# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONALD MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1298-JTM |
| | ) | (consolidated with |
| EDWARDS COUNTY SHERIFF'S | ) | Case No. 05-1046-JTM & |
| DEPARTMENT, et al., | ) | Case No. 05-1308-JTM) |
| | ) | |
| Defendants. | ) | |

_____ )

## MEMORANDUM AND ORDER

Now before the Court are  Plaintiff's Motion to Quash Notice of Intent to Issue Subpoena for Production of Business Records (Doc. 143), Plaintiff's Motion to Compel Discovery (Doc. 144), and Plaintiff's Motion for Protective Order (Doc. 147).  Defendants responded to the Motion to Quash and Motion to Compel on March 14, 2006.  (Docs. 176, 177.)  Defendants did not file a response to Plaintiff's Motion for Protective Order, but rather suspended the subject deposition pending the Court's ruling on Plaintiff's Motion to Quash.  (Doc. 146.)  After a review of the submissions of the parties, and following the parties' opportunity for oral argument during a status conference on March 28, 2006, the Court is prepared

to rule on Plaintiff's motions.

## BACKGROUND

Plaintiff, *pro se*, alleges that Defendants violated his constitutional rights under the First**,** Sixth, Eighth, and Fourteenth Amendments during his eleven-month confinement in the Edwards County Jail.  In summary, Plaintiff's claims against Defendants arise under 42 U.S.C. § 1983 for the following alleged violations of Plaintiff's constitutional rights:  (1) failing to provide a sufficient opportunity for physical activity, (2) interfering with Plaintiff's visitation rights, (3) screening and/or blocking Plaintiff's phone calls and mail, (4) violating his religious (Asatru) and political (unspecified) beliefs, (5) failing to provide adequate medical and dental care, and (6) unsanitary living conditions.  Claims (4) - (6), as well as additional Defendants, were added in Plaintiff's second lawsuit ("05-1046"), which was filed after Judge Humphreys denied Plaintiff's motion to amend to add those claims in the first lawsuit ("04-1298").  (Doc. 62 at 3–4.)  Plaintiff's third lawsuit ("05-1308") added an additional Defendant.  The three cases have been consolidated.  (Docs 97, 148.)  Plaintiff remains incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.

**ANALYSIS**

A.     **Plaintiff's Motion to Quash Notice of Intent to Issue Subpoena for Production of Business Records**.

Plaintiff filed his Motion to Quash (Doc. 143) on January 19, 2006.[1]  The motion concerns Defendants' Notice of Intent to Issue Subpoena for Production of Business Records (Doc. 141), which was filed on January 10, 2006.  According to the notice, the subpoena requests that Correct Care Solutions, Inc. produce "all of Plaintiff's records concerning medical, dental and mental health care provided Plaintiff."  *Id.*  Plaintiff sought to quash the subpoena, arguing that providing Defendants with Plaintiff's medical records would violate his Constitutional Right to privacy, "Kansas state law," and would constitute a tort.  (*See generally*, Doc. 143.)

Defendants responded that "discovery of Plaintiff's medical records directly

---

[1]  D.Kan. Rule 37.2 provides, in relevant part, that the Court "**will not entertain any motion to quash** or modify a subpoena pursuant to Fed.R.Civ.P. 45(c), unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." (Emphasis added.)  The conference requirement encourages resolving discovery disputes without judicial involvement.  When parties fail to resolve disputes that could and should be resolved among themselves, it needlessly expends resources better applied elsewhere.  Plaintiff's Motion to Quash makes no reference to any attempt to confer regarding the subpoena at issue.  Typically, the Court would order the parties to confer in an attempt to resolve the issues raised by the motion.  In the opinion of the Court, however, it is doubtful that such a conference would have resolved the issue at hand. Accordingly, the Court will proceed to address the merits of the motion to quash.

relates to the nature and extent of harm Plaintiff alleges." (Doc. 176 at 1.) Without citing any supporting case law, Defendants further contend that "any privacy rights Plaintiff advances as justification of quashing Defendants' subpoena are waived by the filing of this action." (Doc. 176 at 1-2.)

Plaintiff replied on March 24, 2006, restating his "right to privacy." (*See generally* Doc. 181.) He also argued that Defendants "already possess the plaintiff's medical records relevant to his 11-month confinement in the Edwards County Jail," which is the confinement at issue in this lawsuit. (Doc. 181 at 3.) According to Plaintiff, his medical records possessed by the Kansas Department of Corrections "have no bearing upon the 11-month confinement in the Edwards County Jail" and, therefore, are not discoverable. *Id.* Finally, Plaintiff contends that Defendants' reliance on 42 U.S.C. § 1997(e) is misplaced because that statute has no application to pre-trial detainees. (Doc. 181 at 4.)

The cases cited by Plaintiff in support of his motion are clearly distinguishable as they typically involve a party seeking damages for an injury directly caused by the **unauthorized** disclosure of private medical information. For instance, the plaintiff in *A.L.A. v. West Valley City* was subjected to a police search after he wrote a bad check. 26 F.3d 989 (10th Cir. 1994). During the search, the police discovered a piece of paper indicating the plaintiff was HIV positive.

4

Thereafter, one of the officers shared this information with the plaintiff's sister, one of plaintiff's housemates, and the jailer – none of whom had any legitimate reason to receive this information.  In ***Woods v. White***, Plaintiff contended that Defendants discussed with non-medical staff and with other inmates the fact that plaintiff had tested positive for the AIDS virus.  689 F.Supp. 874 (W.D. Wisc. 1988).  These situations are not analogous to the one before the Court in which the information at issue, which is relevant to Plaintiff's claims, has been requested by, and would be produced to, a party to the lawsuit.

Plaintiff cites ***Woods***, *supra*, and ***Casey v. Lewis***, 834 F.Supp. 1477, 1546 (D. Ariz. 1993), for the proposition that "casual, unjustified dissemination of confidential medical information to 'non-medical staff' is unconstitutional."  The Court finds Defendants' request for this information to be neither "casual" nor "unjustified."  Plaintiff has sued Defendants contending he sustained injury as a result of Defendants' allegedly "deliberate indifference to serious medical needs of the plaintiff."  (Doc. 143 at 2.)

The nature of Plaintiff's claims provides adequate justification for Defendants' request.  Plaintiff is seeking compensatory damages for his injuries for actual physical injury and psychological damages, not merely general civil rights damages.  It is well-established that a plaintiff "who asserts mental or physical

5

injury places that mental or physical injury clearly in controversy...”

***Schlagenhauf v. Holder***, 379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152

(1964) (internal citation omitted); ***Doe v. District of Columbia***, 229 F.R.D. 24, 26

(D. D.C. 2005); ***Greenhorn v. Marriott Intern., Inc.***, 216 F.R.D. 649, 651 (D.

Kan. 2003) (holding that plaintiff who seeks damages for emotional trauma and

contends she has suffered “specific injuries caused by defendants’ conduct” places

her injuries “in controversy”).  As such, Plaintiff has placed his medical condition

– and, thus, his medical history, past and present – directly at issue.

Further, Kansas common law holds that the physician-patient privilege,

codified in K.S.A. § 60-427(d), is waived when a plaintiff files a lawsuit involving

his or her physical and/or mental condition.  ***Lake v. Stevens***, 161 F.R.D. 441, 442

(D.Kan. 1994).  In such situations, not only are medical records discoverable, but

even “*ex parte* communications [by the defendant] of treating physicians not listed

as experts [are] permitted under the Federal Rules of Civil Procedure.”  *Id.*  The

Kansas Supreme Court has gone so far as to hold that “there is no [physician-

patient] privilege . . . in an action in which the condition of the patient is an

element or factor of the claim or defense of the patient.”  ***State v. Campbell***, 210

Kan. 265, 500 P.2d 21 (1972).  Stated another way, “[t]he issue is not waiver or

partial waiver, there is simply no privilege available to the plaintiff.”  ***Bryant v.***

*Hilst*, 136 F.R.D. 487, 491 (D.Kan. 1991).

Even if no privilege exists, medical information is not discoverable unless it is relevant to the issues of the case.  ***Allender v. Raytheon Aircraft Co.***, 220 F.R.D. 661, 664-665 (D.Kan. 2004).  In the matter before the Court, however, the documents Defendants have requested regarding Plaintiff's medical, dental, and mental health care and history are not only relevant to this case, they go to the very heart of the controversy.  Plaintiff seeks compensatory damages based on the actions of Defendants that allegedly resulted in Plaintiff's weight loss, dental problems, depression, humiliation, and mental anguish.  Therefore, Defendants have a legitimate and reasonable interest in discovering Plaintiff's medical, dental, and mental health care history which clearly outweighs any privacy interest that Plaintiff may be able to assert.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Quash (Doc. 143.)

> **B.    Plaintiff's Motion to Compel**.

The Court entered an Order on September 30, 2005, requiring Plaintiff to submit to Defendants a narrowed set of requests for production of documents. (Doc. 118 at 6-7.)  Plaintiff submitted the "narrowed" requests on October 5, 2005. (Doc. 119.)  The parties conferred regarding their disputes relating to these

discovery requests on October 13, 2005, at the El Dorado Correctional Facility. (Doc. 144; Doc. 177, Exh. A.)  Defendants submitted a report ("Defendants' report") to the Court on October 21, 2005, summarizing the parties' discussion of the outstanding discovery issues.

On November 7, 2005, the parties participated in a status conference with the Court to address any remaining disputes concerning Plaintiff's document requests and interrogatories.  It was the understanding of the Court that the discovery issues were resolved during the conference.  Plaintiff, however, filed the present Motion to Compel on January 19, 2006, seeking an Order from the Court requiring Defendants to "produce the documents the plaintiff requested in his 'Narrowed Requests for discovery' submitted on or about October 5, 2005 and to respond to Interrogatories..."  (Doc. 144 at 1.)

Plaintiff contends that "[a]s of January 17, 2006, nothing of which the defendants agreed to disclose in any conference or 'report' has been disclosed.  Not one single document or piece of paper.  Nothing meaningful at all."  (Doc. 144 at 3.)  Defendants responded on March 14, 2006, arguing that following their October 21, 2005, report and the November 7, 2005, status conference, they were required only to provide additional documents responsive to Plaintiff's requests dealing with the topics of jail grievances and jail operating policies.  (Doc. 177 at 2.)

Defendants contend that they have not provided any such additional documents to Plaintiff because all responsive documents were previously produced. *Id.*

Defendants reiterated this stance during the March 28, 2006, telephone conference the Court conducted with the parties.  For instance, Defense counsel stated that the reason Plaintiff has received no additional documents regarding similar complaints or grievances of other inmates is that no similar complaints or grievances have been filed.  Simply stated, no other responsive documents exist, according to Defense counsel.  "Defendants cannot produce what they don't have." (Doc. 177 at 2.)  Plaintiff had nothing to add to his argument during the recent status conference, nor did he contradict the explanation provided by defense counsel.  Further, Defendants remain "mindful that they have a continuing duty to supplement discovery" should they locate additional responsive documents. *Id.* As such, the Court is satisfied that the issues raised by Plaintiff's Motion to Compel were appropriately and adequately resolved during the November 7, 2005, status conference.

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 144) is DENIED.

C.      **Plaintiff's Motion for Protective Order**.

On January 24, 2006, Defendants filed a Notice to Take Records Deposition of Correct Care Solutions concerning Plaintiff's medical, dental and mental health records.  (Doc. 145.)  Upon receipt of Plaintiff's Motion to Quash Notice of Intent to Issue Subpoena for Production of Business Records (Doc. 143, section B, *supra*), and pending the Court's ruling thereon, Defendants filed a Notice of Suspension of Records Deposition on January 26, 2006.  (Doc. 146.)  That same day, apparently prior to receiving Defendants' Notice of Suspension, Plaintiff drafted a Motion for Protective Order (Doc. 147), which was subsequently mailed and filed with the District Court on January 30, 2006.  In the motion, Plaintiff requested that the records deposition of Correct Care Solutions "not be had."  *Id*.

Although the deposition was suspended, Defendants' Notice of Suspension clearly left the issue of the deposition open "pending the Court's ruling on Plaintiff's Motion to Quash..."  (Doc. 146.)  Because the Court has now denied Plaintiff's Motion to Quash, it is necessary to address Plaintiff's Motion for Protective Order.

Plaintiff argues that the records deposition noticed by Defendants' was "outside the discovery set out in the Final Scheduling Order."  (Doc. 147 at 1.)  It is true, as Plaintiff points out, that the Final Scheduling Order states that

10

"Defendants indicated the only discovery they wanted was to take the depositions of Plaintiff and of Anna Marie Fulls." (Doc. 120 at 3.) The Scheduling Order did not indicate, however, that either party would be limited to the discovery or depositions listed therein. The Order stated only that all discovery, including those depositions, was to be completed by February 10, 2006. *Id*.

Defendants noticed the deposition in question to occur on February 2, 2006 (Doc. 145), which was within the discovery cutoff set by the Court. Because the Court has now allowed Defendants to subpoena the requested medical, dental and mental health care records, the Court will also allow Defendants to conduct a single deposition of the relevant records custodian of these records. Plaintiff's Motion for Protective Order is, therefore, DENIED. <u>The Court hereby instructs Defendants that notice must be mailed to Plaintiff twenty-one (21) days in advance of any such records deposition.</u>

**IT IS THEREFORE ORDERED** that (1) Plaintiff's Motion to Quash Notice of Intent to Issue Subpoena for Production of Business Records (Doc. 143) is DENIED; (2) Plaintiff's Motion to Compel Discovery (Doc. 144) is DENIED; and (3) Plaintiff's Motion for Protective Order is DENIED (Doc. 147), all as set out in this Order.

11

Dated at Wichita, Kansas on this 30th day of March, 2006.

___s/ Donald W. Bostwick_____
DONALD W. BOSTWICK
United States Magistrate Judge
